[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 114)
Before the court is the apportionment defendant's motion to strike the apportionment complaint. On July 28, 2000, the plaintiffs, Claudia and Fitzroy Hylton, filed an amended four count complaint against the defendants, Elm Street Limited Partnership (Elm Street) and First Union National Bank (First Union), alleging claims of negligence against the defendants in counts one and three, and claims of loss of consortium against the defendants in counts two and four. The plaintiffs allege that Elm Street is the owner of land and a building, occupied and leased as a bank by First Union, and that on or about June 16, 1998, Claudia Hylton, while visiting the bank, fell on a slippery portion of the tile floor in the lobby of the bank while she was entering the building. On October 11, 2000, First Union filed an apportionment complaint against Tower Cleaning Systems, Inc. (Tower Cleaning) pursuant to General Statutes § 52-102b.[1] First Union alleges therein that Tower Cleaning contracted with First Union to provide, inter alia, cleaning and janitorial services for the property in question, and further that, based upon the plaintiffs' allegations of negligence, Tower Cleaning is or may be liable to the plaintiffs for all or part of their claim for negligence. Pursuant to Practice Book § 10-39, Tower Cleaning moves to strike the apportionment complaint on the basis that a landowner cannot maintain a claim for apportionment against an independent contractor.[2]
On January 17, 2001, after Tower Cleaning had filed its motion to strike and the parties had filed memoranda in support and in opposition thereto, First Union filed a request for leave to amend its apportionment complaint pursuant to Practice Book § 10-60.[3] In the first count of the amended apportionment complaint, First Union again alleges its apportionment claim against Tower Cleaning based upon the plaintiffs' allegations of negligence, and in the second count First Union alleges that it had a written contract with Tower Cleaning and that Tower Cleaning breached the contract by failing to obtain insurance for loss claims such as the Hyltons', by failing to name First Union as an CT Page 9511 additional insured on such policy, and by failing to indemnify, defend and hold First Union harmless for the Hyltons' claim.
Tower Cleaning filed an objection to First Union's request to amend the apportionment complaint on February 15, 2001. The court, Rush, J., overruled the objection on March 7, 2001. Because Tower Cleaning has not filed a motion to strike the amended apportionment complaint, the court will apply the motion to strike the original apportionment complaint to the amended apportionment complaint as far as possible.[4] First Union incorporated the original apportionment claim into the first count of the amended apportionment complaint. The motion to strike there fore applies to the first count of the amended apportionment complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "We take the facts to be those alleged in the complaint . . . and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [wihat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001)
Tower Cleaning, an independent contractor, moves to strike the apportionment claim on the ground that First Union, as an occupier of the premises, has a nondelegable duty to invitees such as the plaintiff, and cannot absolve itself of liability by delegating that duty to a contractor. It argues that because the negligence of the contractor is the negligence of the occupier of the premises, a claim for apportionment between them is not a legally cognizable claim.
First Union argues that the motion to strike should be denied and that liability can be apportioned to Tower Cleaning pursuant to General Statutes § 52-102b,[5] because Tower Cleaning is an entity who is or may be liable for a proportionate share of the plaintiffs' damages pursuant to General Statutes § 52-572h.[6] First Union argues, therefore, that it may implead Tower Cleaning under the apportionment statute.
Both parties find authority for their arguments in Superior Court decisions because the judges of that court "have spoken with two divergent voices on the issue . . ." Riggione v. KMart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 CT Page 9512 (January 11, 2000, Alander, J.) (26 Conn.L.Rptr. 260). One line of cases holds that a defendant in possession of the premises has a non-delegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor.[7] . . . The opposing view . . . holds that "an independent contractor is liable for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes. . . ."[8]
Id., 261.
The decisions in the latter line of cases find support in the recent case of Gazo v. Stamford, supra, 255 Conn. 245, wherein the Supreme Court discussed the doctrine of nondelegable duty stating that "the nondelegable duty doctrine simply does not address whether the person to whom the performance of the duty has been delegated . . . may not also be liable." Id., 257. The court held that an independent contractor may owe "a direct duty of care to the plaintiff" in the performance of the duty owed by the defendant to the plaintiff. Id., 250-54, 256.[9]
Therefore, Tower Cleaning is a — person who is or may be liable for a share of the plaintiff's damages pursuant to General Statutes §52-572h.
Although Tower Cleaning appears to meet the requirements of General Statutes §§ 52-102b and 52-572h, because it is an entity that is or may be held liable to the plaintiff, the questions of whether First Union meets the requirements of that statutory scheme, and whether it may implead Tower Cleaning under the apportionment statute remain. Specifically, the issue is whether First Union and Tower Cleaning are joint tortfeasors, or whether First Union's liability is based solely on the doctrine of vicarious liability. The Supreme Court, although not dealing directly with this issue in Gazo v. Stamford, recognized the rule which applies in this case, that "the owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons." (Internal quotation marks omitted.) Id., 257.
As discussed by the Supreme Court in Alvarez v. New Haven Register,Inc., 249 Conn. 709, 720, 735 A.2d 306 (1999), "[t]he rules of vicarious liability . . . respond to a specific need in the law of torts; how to fully compensate an injury caused by the act of a single tortfeasor." (Emphasis in original.) The court explained that "a principal whose liability rests solely upon the doctrine of respondent superior and not upon any independent act of the principal is not a joint tortfeasor in the true sense of the word because he is not independently liable based upon his own independent actionable fault. . . . Consequently, there is no right of contribution, only indemnification." (Citations omitted; emphasis added.) Id., 720-21. CT Page 9513
The court further stated: "The system of contribution among joint tortfeasor, of which our apportionment rules — General Statutes §§52-102b and 52-572h — are a key component, meets the problem of how to compensate an injury inflicted by the acts of more than one tortfeasor. . . . The liability of the joint tortfeasor is direct because the tortfeasor actually contributed to the plaintiff's injury, and is divisible because the conduct of at least on other also contributed to the injury." (Citation omitted.) Id., 721.
Clearly, a principal whose liability is derived solely from an agent's conduct is not a joint tortfeasor and cannot have proximately caused an injury, as required under General Statutes §§ 52-572h and 52-102b. Thus, the question whether First Union may implead Tower Cleaning under the apportionment statute depends on whether First Union's liability rests solely upon its vicarious liability for the conduct of Tower Cleaning,[10] and not upon any independent actionable fault of its own. See Alvarez v. New Haven Register, Inc., supra, 249 Conn. 720-21. If First Union's liability rests solely upon the actionable fault of Tower Cleaning then First Union is not a tortfeasor in the true sense of the word and may not implead Tower Cleaning pursuant to General Statutes § 52-572h.[11]
On the other hand, if First Union's liability does not rest solely upon the doctrine of vicarious liability, but is also based ion its own independent actionable fault, then both First Union and JTower Cleaning would be independent tortfeasors and First Union would be permitted to implead Tower Cleaning under General Statutes §§ 52-572h and 52-102b.
Thus, the court must determine whether the allegations in the plaintiffs' amended complaint could be construed to assert a claim against First Union that is based on the independent actionable fault of First Union. In the first count of the plaintiffs' amended complaint, which is directed at First Union, Claudia Hylton alleges that First Union controlled, possessed and/or maintained the bank and lobby where she fell on a slippery portion of the tile floor, that her fall on the floor in the lobby of the Bank was due to First Union's negligence in one or more of several enumerated ways,[12] and that First Union knew, or had [it] used due care or proper dingence should have known, of the aforesaid existing condition. (Amended Complaint, Count One, ¶ 2-5.) of the enumerated bases of negligence in paragraph four of the amended complaint at least those under (A), (B), (E), (F), (I) and (J) allege facts which could be construed to assert independent jactionable fault on the part of First Union. Accordingly, the court finds First Union to be a joint tortfeasor based upon it's own independent actionable fault, and may implead Tower Cleaning under General Statutes § 52-102b. CT Page 9514
Accordingly, the apportionment defendant's motion to strike the amended apportionment complaint is denied.
 ____________________ SKOLNICK, JUDGE